NicholsoN, C. J.,
delivered the opinion of the Court.
On the 26th of May, 1860, a judgment was rendered in favor of ~W. & T. Greenfield & Co., against ~W. N. Bilbo and Martha Bilbo, for $1,314.41, on a note made by Martha Bilbo, payable to ~W. N. Bilbo, and by him indorsed to the plaintiffs. On the 8th of May, 1869, a sci. fa. was issued by the Clerk of the Circuit Court of Davidson county, notifying the defendants to said judgment, to appear at the May Term, 1869, and show cause why the said judgment should not be revived against them. ~W. N. Bilbo was not notified. Martha Bilbo appeared and put in several pleas: first, nul tiel record; second, that at the time the judgment was rendered, she was a married woman; third,, that the judgment was rendered on a personal contract entered into by her while she was married; fourth, that the judgment was rendered on a note executed by her to her husband, and payable to him while they were married and living together; fifth, that she was not notified of the commencement of the suit, in which the judgment was rendered.
The plaintiffs demurred to all of the pleas, except the first and fifth, and on these two there was issue.
At the May Term, 1870, the cause was revived in the name of Geo. A. Allen, as administrator of W. Greenfield, surviving partner of the firm, the other members being dead, and a nolle prosequi was taken as to W. N. Bilbo. Upon argument of the demurrers, the same were sustained, and the pleas were stricken out.
*33 Thereupon the original judgment was revived, with interest, amounting to $2,129, for which execution was ordered.
From this judgment Martha Bilbo prayed an appeal in error to this Court, which was granted upon her giving bond and security for costs.
It is now moved that the appeal be dismissed, unless the plaintiff in error shall give bond in double the amount of the judgment below.
By sec. 3162 of the Code it is provided, that when appeals in error are taken in actions, founded on bonds for the payment of money, etc., the bond shall be taken, and the sureties bound for the payment of the whole debt and costs. Judgments are not enumerated as one of the foundations of actions, requiring bonds, on appeals, to be for the whole debt. It follows that actions founded on judgments are not embraced by sec. 3162, but fall under sec. 3163, which provides for “all other cases of appeal,” unless the proceeding by scire facias to revive a judgment is to be regarded merely as a continuation of the original judgment.
In Swancy v. Scott, 9 Hum., 340, the Court says: “A scire facias to revive a judgment is treated as a new suit, and not merely a continuation of the former. It is a judicial writ, founded on some matter of record, a recognizance, judgment, etc., on which it lies to obtain execution, or for other purposes.” 2 Tidd, 985. “But because the defendant may plead thereto, it is considered in law a new action.” Co. Litt., 20; 7 Bac., 598; 9 Yer., 471.
*34 It appears on the face of the scire facias, that a judgment was rendered against the plaintiff in error, but it does not appear that it was rendered on a note or bond for money; but it is alleged in one of the pleas, that the judgment was rendered on a note executed by plaintiff in error while a married woman.
The note was merged in the judgment, and could no more be made the foundation of an action. The foundation of the action in this case is the judgment, which had ceased to have vitality, and it becomes necessary, in order to make it effective, to institute a new suit on the judgment.
The provision in sec. 3164 has reference to decrees or judgments in the Chancery Courts, and has no application to the ease before us.
We therefore disallow the motion.